UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
TENNESSEE AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | Docket No. 1:25-CR-64 |
| | ) | |
| JOSHUA BREWER, | ) | Judge Travis R. McDonough |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

**COMES NOW,** the Defendant, Joshua Lishun Brewer, by and through his attorney of record, E. Logan Davis, hereby files this Sentencing Memorandum in support of his request for a sentence of fifty-seven (57) months. The Defendant would show as follows:

1. Mr. Brewer timely pled guilty to Count 1: Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951.

2. Mr. Brewer entered a plea agreement with the Government pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure* which included a binding recommendation of a sentence of 57 months of imprisonment followed by a term of three-year supervised release (ECF Doc #15). Mr. Brewer and the Government agree this sentence would be the appropriate disposition in this case.

3. The Presentence Report("PSR") recommended a guideline sentencing range of ninety-two (92) months to one hundred fifteen (115) months: (Total Offense Level 26, Criminal History Category IV) (ECF Doc #25).

4. The Defendant filed an objection to the PSR and submits that he is not a current member of the Gangster Disciples criminal street gang. This objection does not impact the guideline calculation.

5. The Defendant submits that the parties will show at sentencing that a sentence of 57 months is the appropriate disposition in this case based upon the factors found un 18 U.S.C. § 3553(a).

## MEMORANDUM IN SUPPORT

18 U.S.C. § 3553(a) contains factors for the Court to consider in imposing a sentence and states as follows:

> Factors to be considered in imposing a sentence— The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
>
> (5) any pertinent policy statement;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
>
> (7) the need to provide restitution to any victims of the offense.

**The nature and circumstances of the offense.**

On December 17, 2021, Joshua Brewer was one of three individuals involved in an armed robbery of Markman's Jewelry, in Chattanooga, Tennessee. The Defendant and the two other uncharged co-conspirators possessed and brandished firearms during the course of this robbery. Additionally, store employees' hands were zip-tied. The Defendant and others took assorted jewelry from the store and cell phone and wallet of store employees. The full factual basis detailing the offense is included in the Plea Agreement (ECF Doc #15). The Defendant admits to and accepts responsibility for his role in these events through his timely entry of his plea.

**History and Characteristics of the Defendant.**

Joshua Lishun Brewer was born April 10, 1996, in Hamilton County, Tennessee. He is currently 29 years old. His parents were not together at the time of his birth, and he had limited contact with his father during childhood. He was primarily raised by his mother and extended maternal family, including his aunt, grandparents, and great-grandmother. He described his aunt as his primary emotional support and his mother as the disciplinarian. He denied childhood abuse and stated his basic needs were met, though juvenile records later documented allegations of physical abuse by his mother. Mr. Brewer reported rebelling around age 11 due to strict discipline, which led to early legal involvement. He is a lifelong Chattanooga resident.

His turbulent childhood is detailed in his juvenile court records, reflecting multiple guardianship and custody changes between family members, as well as extensive involvement with the Tennessee Department of Children's Services. From 2010 to 2012, Mr. Brewer was placed in several juvenile facilities, including Mountain View Youth Development Center, where he was housed in a specialized unit for aggressive behavior. He was released from DCS custody in April 2012.

Mr. Brewer currently has limited contact with his parents. His father resides in Chattanooga and has an extensive criminal history. His mother works at a hotel in East Ridge, Tennessee. He has several half-siblings on both sides of his family, though he maintains close contact with only a few. He has never been married and has one four-year-old son, who lives with the child's mother. He denied being ordered to pay child support.

Mr. Brewer admitted prior gang involvement but is not currently involved or affiliated with any criminal street gang.

He has no permanent residence and most recently lived in temporary housing. His driver's license lists his aunt's former address. Several close family members who previously supported him are now deceased.

Mr. Brewer has a history of significant mental health issues beginning in childhood, including diagnoses of ADHD, bipolar disorder, schizophrenia, depression with psychotic features, and conduct disorder. He has a documented history of suicidal ideation and one juvenile suicide attempt. He received extensive mental health treatment as a juvenile, including inpatient hospitalization, counseling, and psychotropic medications, but has not received treatment as an adult. He reports ongoing symptoms and expressed willingness to undergo evaluation and treatment. He would greatly benefit from treatment available at the Bureau of Prisons. Though he has been sentenced in federal court, he has not yet had a real opportunity to avail himself of the the resources within the Bureau of Prisons due to being held in local and state custody. He hopes to be able to access those resources once he is in federal custody.

Mr. Brewer has a lengthy history of substance use, beginning in early adolescence, including marijuana, cocaine, methamphetamine, and synthetic marijuana. He admitted ongoing drug use while incarcerated and identified marijuana as his primary substance. He has never

4

participated in formal substance abuse treatment but stated he is open to treatment. Again, he would greatly benefit from treatment available to him within the Bureau of Prisons.

Mr. Brewer dropped out of high school during the 10th grade and has not obtained a GED. School records reflect chronic behavioral issues and expulsions. He expressed interest in continuing his education and obtaining his GED while in custody. His employment history is minimal, consisting primarily of short-term temporary work. He previously registered a small graphic design business but reported no assets or financial resources.

Mr. Brewer is 5'10" tall, weighs approximately 131 pounds, and reports generally good physical health. He has no known allergies and takes medication for high blood pressure. Based on available information, he does not have the financial ability to pay a fine.

**Need for the Sentence Imposed.**

Fifty-seven (57) months is a significant and substantial sentence for any person to face. Mr. Brewer is still a relatively young man who has not been afforded much access to treatment. The PSR interview reflects a long history of mental health issues, substance abuse issues, instability within his family, and admittedly, an early and frequent interaction with the criminal justice system. The Defendant respectfully submits that a sentence of 57 months is sufficient enough, but not greater than necessary, to reflect the seriousness of this offense, promote respect for the law, and to provide just punishment for the offense. Mr. Brewer's timely plea conserved judicial and governmental resources and promotes judicial economy.

Respectfully, the Defendant requests that this Court sentence him to 57 months.

Respectfully submitted,

**DAVIS & HOSS P.C.**

/s/ E. Logan Davis

5

Edith Logan Davis, TN BPR# 038138
850 Fort Wood Street
Chattanooga, TN 37402
423-266-0605
423-266-0687—Fax

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

    This the 26th day of December 2025.

    /s/ E. Logan Davis

6

Case 1:25-cr-00064-TRM-MJD    Document 27    Filed 12/26/25    Page 6 of 6    PageID #: 126